DECISION
Plaintiffs have appealed the value of a condominium and parking space for the 2007-08 tax year. Defendant filed a Motion to Dismiss (motion) Plaintiffs' appeal for failure to pursue the statutory right of appeal or to meet the alternative requirements of ORS 305.288(3). The court addressed the motion with the parties at a proceeding held August 11, 2008. Plaintiffs appeared on their own behalf, and Defendant was represented by Osei Banahene and Ron Rodwick, both of whom are appraisers with the assessor's office.
 I. STATEMENT OF FACTS
The appeal involves Plaintiffs' part-year residence — a condominium unit in Portland and the associated parking space, which they purchased in May 2006 for $260,000. The condominium is identified by assessor's Account R586600 and has a tax year 2007-08 real market value (RMV) of $329,020. The assessed value (AV) is $169,740. The parking space is identified by assessor's Account R586963 and has an RMV of $32,950 and an AV of $17,000. Plaintiffs' Complaint was orally amended at the August 11 proceeding to reflect a requested a reduction in RMV to $329,000 for the 2007-08 tax year. Plaintiffs did not file a petition with the county board of property tax appeals (board) but, instead, appealed directly to the Tax Court. *Page 2 
Defendant asks that the case be dismissed because: the claim is one that can be heard by the board, and Plaintiffs did not appeal to the board; direct appeal to the Tax Court is not authorized by statute; and, the court does not have jurisdiction under ORS 305.288 (3) because the Complaint does not allege facts showing good in sufficient cause for failing to appeal to the board before coming to the court.
 II. ANALYSIS
Taxpayers unhappy with the value of their property must appeal first to the board and then to the Tax Court. Taxpayers are required to file a petition with the board "during the period following the date the tax statements are mailed for the current tax year and ending December 31." ORS 309.100(2).[1] The board's order may be appealed to the Oregon Tax Court. ORS 309.110(7). Taxpayers have 30 days within which to appeal the board's order. ORS 305.280(4). The appeal to the Tax Court is filed with the Magistrate Division, as provided in ORS 305.275(1), and "is from an order of the board as a result of [an] appeal filed under ORS309.100[,]" as set forth in ORS 305.275(3).
Plaintiffs' tax year 2007-08 property tax statement was mailed in October 2007. ORS 311.250(1). Plaintiffs had until December 31, 2007, to petition the board. Plaintiffs missed that deadline. In certain limited circumstances, the court can consider an appeal and order a reduction in value where a taxpayer does not timely appeal to the board. Seegenerally ORS 305.288.
One instance in which the court can order a reduction in value, notwithstanding the taxpayers' failure to timely petition the board, is where there is an allegation of an error in the RMV of the property of at least 20 percent. ORS 305.288(1)(b). Plaintiffs, in this case, have *Page 3 
asserted that the RMV of their property (condominium unit and parking space) as of January 1, 2007, which is the assessment date for the 2007-08 tax year, was actually $329,000 compared to the assessor's combined roll value of $361,970. The asserted error is only about 9.1 percent, which is less than half of the 20 percent statutory threshold.
The other instance in which the court can order a reduction in value is where the taxpayer has a statutorily satisfactory reason for not timely petitioning the board. The legal requirement, found in subsection (3) of ORS 305.288, is "good and sufficient cause," defined elsewhere in the statute as "an extraordinary circumstance that is beyond the control of the taxpayer." ORS 305.288(5)(b)(A). When asked by the court why they did not petition the board before coming to the Tax Court, Plaintiffs explained that they did not petition the board because they lived in New York and only spend part of their time in Oregon. Specifically, Plaintiffs testified that they paid their Oregon property taxes in October 2007 and then returned to New York for the winter. Plaintiffs came back to Oregon in May 2008, and it is then that they spoke with a neighbor in the hallway who advised them that they had contacted the assessor about their value and had obtained a reduction without the need for a board hearing. Plaintiffs, at that point, had no knowledge of the appeal procedures in Oregon. Plaintiffs phoned the assessor's office and were advised that it was too late to petition the board, but that they could file an appeal with the Tax Court. Plaintiffs appealed, and Defendant moved for dismissal.
The bottom line is that Plaintiffs were unaware of the appeal process until after the deadline had passed. Those circumstances do not constitute good and sufficient cause. ORS 305.288(5)(b)(B) specifically excludes "lack of knowledge" from the definition of good and sufficient cause. Accordingly, Plaintiffs do not meet either of the provisions in ORS 305.288. *Page 4 
 III. CONCLUSION
The court concludes that Plaintiffs' appeal must be dismissed because Plaintiffs did not appeal to the board before appealing to the Tax Court, and they have not satisfied the requirements of ORS 305.288. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss Plaintiffs' Complaint is granted and Plaintiffs' appeal is dismissed.
Dated this ____ day of September 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on September 19,2008. The Court filed and entered this document on September 19,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1